UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2016 APR 25 A 11: 25

DANIEL HUFSTETLER

v.  Case #: 1:16-cv-00134-SM

UNITED STATES OF AMERICA

**PETITIONER'S MOTION TO AMEND MOTION TO VACATE/CORRECT ILLEGAL SENTENCE UNDER 28 U.S.C. § 2255 WITH JOHNSON CLAIM**

Now Comes the Petitioner, Daniel Hufstetler, moving the Court to allow him to amend his previously filed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, with the following claim under *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015):

On December 12, 2013, after trial, a jury convicted Daniel Hufstetler of Robbery of a Credit Union. On April 1, 2014, this Court sentenced Mr. Hufstetler to a term of 180 months' imprisonment after finding that he was a "career offender" under U.S.S.G. §§ 4B1.1 and 4B1.2. The Court found Mr. Hufstetler to be a "career offender" after adopting the finding of the presentence report that his instant offense of Credit Union Robbery was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Hufstetler is no longer a "career offender" because the instant offense of Credit Union Robbery, 18 U.S.C. § 2113(a), is not a "crime of violence."

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in the "career offender" provision defining "crime of violence" (U.S.S.G. § 4B1.2(a)(2)) is also void for

1

vagueness. Thus, the only remaining question here is whether Mr. Hufstetler's instant offense of Credit Union Robbery qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the "career offender" provision defining "crime of violence" (U.S.S.G. § 4B1.2(a)). The offense does not qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense. Likewise, the instant offense does not qualify as a "crime of violence" under the elements clause because it does not require the intentional use, attempted use, or threatened use of violent physical force to accomplish the offense.

The offense of Credit Union Robbery under 18 U.S.C. § 2113(a) can be accomplished by force and violence, or by intimidation. In Mr. Hufstetler's case the jury was instructed that in order to convict him, it must find as an essential element of the offense, that the government proved beyond a reasonable doubt that "the taking was by force and violence, or by intimidation." The jury was further instructed that "[in] order to find that the defendant used intimidation, it [was] not necessary for [the jury] to believe that the defendant intended to use force or violence[,]" and that "[a] demand for money can constitute intimidation even if the individual making the demand does not expressly threaten violence or carry a weapon." Doc. 75, Case No. 1:12-cr-00037-SM, at pp. 15-16. Because the offense of Credit Union can be committed without the intentional use, attempted use, or threatened use of violent physical force, it is not a "crime of violence" post-*Johnson*.

Hence, because the instant offense of Credit Union Robbery is not a "crime of violence," Mr. Hufstetler does not qualify as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

This claim is timely under 28 U.S.C. § 2255(f)(3) because it is filed well within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."

Therefore, Mr. Hufstetler respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and resentence him.

Wherefore, the petitioner respectfully requests that the Court permit amendment of the motion under 28 U.S.C. § 2255 to add this claim and for such other relief as may be deemed just.

Respectfully Submitted,

Date: Tuesday April 19th, 2016

By: *Daniel Hufstetler*

Daniel Hufstetler
#12559-049
Lee - US Penitentiary
Inmate Mail/Parcels
PO Box 305
Jonesville, VA 24263
PRO SE

Dear, Clerk of Court          April 19th, 2016

I am Daniel Hufstetler, I recently filed a 2255 motion (April 1st), Please file this ammendment (enclosed), and allow me to have it added to the grounds of my currently pending 2255 Petition/Motion.

Thank you very much for your time!

Respectfully & Sincerely,

*Daniel Hufstetler*

#12559-049
DANIEL HUFSTETLER
UNITED STATES PENITENTIARY
LEE
PO Box 305
Jonesville, VA.